# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LEE GORDON,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:05-0457** |
| v. | : | (NEALON, D.J.) |
| | : | (MANNION, M.J.) |
| **HARLEY LAPPIN, Director M.V. PUGH, TROY WILLIAMSON, Warden, M.J. ORN, Associate Warden, ANGELINI, B. ALBERTSON, Inmate Systems Officer, COFFEE, Mr. Education Specialist, C. JOHNSON, Education Specialist, R. WOLEVER, Unit Manager, T. HUEBLER, Case Manager, E. FISHER, Counselor, D. TROTTMAN, Unit Manager, J. BIRDSALL, Case Manager, J. GRILL, Counselor, MR. SIMPLER, Property Officer, MR. LAPP, Property Officer, MR. WOMELDORF, LT. S.H.U.,** | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Presently pending before the court are two (2) motions for preliminary injunctive relief filed by the plaintiff. (Doc. Nos. 19 & 39).

By way of background, on September 5, 2004, the plaintiff, an inmate at the United States Penitentiary at Allenwood, ("USP-Allenwood"), White

Deer, Pennsylvania, filed the instant Bivens[1] action in the United States District Court for the District of Columbia.  In his complaint, the plaintiff alleges that the defendants denied him access to the courts by not allowing him inmate-to-inmate correspondence, law books, a legally trained assistant, legal telephone calls, stamps, copies, paper, envelopes, pens, and a stapler. In addition, the plaintiff alleges that the defendants retaliated against him by denying him access to his legal materials, confiscating his stamps, denying him the right to send a copy of a pre-sentence report to an attorney, and failing to retrieve his legal papers from another inmate.

By order dated January 21, 2005, it was directed that the action be transferred to the Middle District of Pennsylvania.  The file was received in the Middle District on March 3, 2005.  (Doc. No. 1).

On March 22, 2005, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 6), and authorization form, (Doc. No. 7).  As a result, a financial administrative order was issued on March 23, 2005.  (Doc. No. 10).  In addition, an order was issued directing process. (Doc. No. 9).

On April 28, 2005, the plaintiff filed a motion to amend his complaint.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

(Doc. No. 16).  By order dated April 29, 2005, the plaintiff's motion was granted and the Clerk of Court was directed to serve the plaintiff's amended complaint upon the defendants.  (Doc. No. 17).

On May 13, 2005, the plaintiff filed a motion for preliminary injunctive relief, (Doc. No. 19), along with a brief in support thereof, (Doc. No. 20).  In his motion, the plaintiff requests that the court issue a restraining order directing the defendants to "refrain from denying [him] the things [he] needs to access the courts and to stop their retaliation for requesting such."  The defendants filed a brief in opposition to the plaintiff's motion for injunctive relief on May 31, 2005.  (Doc. No. 21).

On July 5, 2005, the defendants requested an enlargement of time to respond to the plaintiff's amended complaint.  (Doc. No. 27).  The defendants' request was granted by order dated July 12, 2005.  (Doc. No. 30).

Prior to a responsive pleading being filed by the defendants, the plaintiff filed a motion to amend his complaint a second time.  (Doc. No. 33).  A supporting brief was filed on August 30, 2005. (Doc. No. 34).  By order dated that same day, the court denied the plaintiff's motion to file a second amended complaint. (Doc. No. 35).  The plaintiff's appeal of this decision to the District Court Judge, (Doc. No. 41), was denied by order dated

September 22, 2005, (Doc. No. 43).

In the meantime, on September 6, 2005, the defendants filed a motion for an additional extension of time to file a response to the plaintiff's amended complaint. (Doc. No. 36). The defendants' motion was granted by order dated September 7, 2005. (Doc. No. 37).

On September 14, 2005, the plaintiff filed a second motion for preliminary injunction, (Doc. No. 39), along with a brief in support thereof, (Doc. No. 40). In this motion, the plaintiff sets forth claims of medical mistreatment and improper job assignment. As a result, the plaintiff seeks an order directing the defendants to " . . . refrain from retaliating against him . . .," and to " . . . treat [him] for his medical needs and stop forcing [him] to perform physical labor that causes him pain and discomfort." On September 29, 2005, the defendants filed a brief in opposition to the plaintiff's motion for injunctive relief. (Doc. No. 44). The plaintiff filed a reply brief on October 14, 2005. (Doc. No. 48).

With respect to the plaintiff's motions for preliminary injunctive relief, the Supreme Court has instructed that the tool of the preliminary injunction should be reserved for "extraordinary" situations. Sampson v. Murray, 415 U.S. 61, 88 (1974). In following that instruction, the Third Circuit has held that the granting of injunctive relief is an exercise of a very far-reaching

4

power, never to be indulged in except in a case clearly demanding it. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3d Cir. 1940). More recently, the Third Circuit has insisted that "the use of judicial power to arrange relationships prior to a full determination on the merits is a weighty matter, and the preliminary injunction device should not be exercised unless the moving party shows that it specifically and personally risks irreparable harm." Adams v. Freedom Forge Corporation, 204 F.3d 475 (3d Cir. 2000)(citing Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Frank's GMC Truck Center, 847 F.2d 100, 102-03 (3d Cir. 1988)).

In considering a motion for injunctive relief, the court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir. 2000). The plaintiff must demonstrate each of the four (4) elements to be entitled to preliminary injunctive relief. See Skehan v. Board of Trustees, 353 F.Supp. 542, 543 (M.D.Pa. 1973)(Muir, J.).

In considering the plaintiff's initial motion for preliminary injunctive relief, there is no indication that the plaintiff will suffer irreparable harm if the

injunction is not granted. In fact, the plaintiff has simply re-alleged the claims set forth in his amended complaint and requests the same injunctive relief. These claims will be handled in due course by the court. The plaintiff has failed to demonstrate that a decision on the merits of the claims set forth in his amended complaint will not adequately remedy his claims. Therefore, the plaintiff's initial motion for preliminary injunctive relief should be denied on this basis.

With respect to the plaintiff's second motion for preliminary injunctive relief, in order to prevail on a motion for preliminary injunctive relief, the plaintiff must establish a relationship between the injury claimed in the motion and the conduct giving rise to his complaint. See Nicholson v. Murphy, 2003 WL 22909876 (D.Conn.)(citing Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997)(reversing district court's granting of a motion for preliminary injunctive relief because the injury sought to be prevented through the preliminary injunction was unrelated and contrary to the injury which gave rise to the complaint)).

Here, there is no relationship between the relief sought in the plaintiff's second motion for preliminary injunctive relief and the conduct giving rise to his complaint. To this extent, the plaintiff's complaint raises claims relating to denial of access to the courts and retaliation, whereas his motion for

preliminary injunctive relief claims injury resulting from medical mistreatment and improper job assignment. Thus, the plaintiff's second motion for preliminary injunctive relief should also be denied.

Based upon the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's motions for preliminary injunctive relief, **(Doc. Nos. 19 & 39)**, be **DENIED.**

S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** February 15, 2006
O:\shared\REPORTS\2005 Reports\05-0457.01.wpd