FILED
SCRANTON

MAR 13 2006

PER_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE GORDON, : | |
| : | |
| Plaintiff : | |
| : | **CIVIL ACTION NO. 3:05-457** |
| vs. : | |
| : | (JUDGE NEALON) |
| HARLEY LAPPIN, ET AL., : | (MAGISTRATE JUDGE MANNION) |
| : | |
| Defendants : | |

## ORDER

Plaintiff, an inmate currently incarcerated at the United States Pentitentiary-Allenwood, Pennsylvania, commenced this Bivens[1] action on September 5, 2004[2], asserting denial of access to the courts and retaliation by the defendants. (Doc. 1). Presently before the court are two (2) motions for preliminary injunctive relief, along with supporting briefs, filed by Plaintiff, *to wit.*, a Motion for a Temporary Restraining Order, filed on May 13, 2005 (Doc. 19), and a Motion for a Preliminary

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The case was originally filed in the United States District Court for the District of Columbia on that date, and transferred to this court on March 3, 2005.

injunction, filed on September 14, 2005. (Doc. 39). The first motion seeks a restraining order against the Defendants to prevent them "from denying [Plaintiff] the things [he] needs to access the courts and to stop their retaliation for requesting such." (Doc. 20). The second motion avers medical mistreatment and improper job assignment, and seeks an order directing Defendants to refrain "from retaliating against him . . . to treat [] his medical needs and to stop forcing [him] to perform physical labor that causes him pain and discomfort." (Doc. 44)

On February 15, 2006, United States Magistrate Judge Malachy E. Mannion issued a Report and Recommendation on these motions, recommending that they be denied. (Doc. 68). The Magistrate Judge observed that a preliminary injunction is to be reserved for "extraordinary" situations, and that, in the instant matter, Plaintiff has failed to demonstrate the following four factors which are necessary to warrant injunctive relief: (1) the likelihood that he will prevail on the merits; (2) the extent to which he will be irreparably harmed by the conduct at issue; (3) the extent to which the Defendants will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting the requested relief will be in the public interest. Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994); Int'l Union v. Textron Lycoming Reciprocating Engine Div., 919 F. Supp. 783, 789 (M.D. Pa. 1996). Futher, the Report and Recommendation found that his second motion failed to establish a

2

relationship between the injury claimed in the motion and the allegations in the complaint. Inasmuch as the motion raised issues of medical mistreatment and improper job assignment, claims not presented in his underlying complaint, Plaintiff could not prevail on the motion.

No objections were filed to the Magistrate Judge's Report and Recommendation. After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, THIS 13th DAY OF MARCH, 2006, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation (Doc. 68) is ADOPTED.

(2) The Motion for a Temporary Restraining Order (Doc. 19) is DENIED.

(3) The Motion for a Preliminary Injunction (Doc. 39) is DENIED.

(4) The matter is remanded to Magistrate Judge Mannion for further proceedings.

s/ William J. Nealon
United States District Judge